## F. C. SMITH V. THE STATE.

### No. 9504.   Delivered Nov. 18, 1925.

#### 1.—Theft, a Misdemeanor—Co-defendant as Witness—In Misdemeanor Case—When Qualified.

Where a co-defendant in a misdemeanor case, has plead guilty to the same offense, he is qualified as a witness in behalf of his co-defendant only when he has satisfied the judgment against him, and the burden is on the defendant who tenders him as witness to show that the judgment has been fully satisfied.

#### 2.—Same—Statement of Accused—Made After Arrest—Not Admissible.

It was error for the court to admit evidence that after he was arrested by the owner of the stolen property, and was being held for the officer, he stated, "I had better hide my bottle of whiskey," and that he walked over toward the side of the hotel and set a quart bottle of whiskey down by the side of the building. Such statement shed no light upon proposition of the taking of the automobile cushion, and would not be material to any issue in the case, and might be very hurtful.

#### 3.—Same—Evidence—Held, not Sufficient.

A careful examination of the record does not convince us that the testimony is sufficient to show a theft by appellant. There is no testimony suggesting his presence, at the time the automobile cushion was taken by Snider, nor does it clearly show that he was acting together with, or in any manner aiding or encouraging Snider in taking the cushion, and for the errors discussed, and not being satisfied with the sufficiency of the evidence, the cause must be reversed.

Appeal from the County Court of Palo Pinto County. Tried below before the Hon. E. L. Pitts, Judge.

Appeal from a conviction of theft, a misdemeanor, penalty a fine of $10.00 and fifteen days in the county jail.

The opinion states the case.

*Carroll McConnell,* and *Oxford & Johnson,* for apellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—From conviction in the county court of Palo Pinto County of misdemeanor theft, with punishment fixed at a fine of $10.00 and fifteen days in the county jail, this appeal is taken.

The conviction is for theft of an automobile cushion. The owner of the car from which the cushion was taken testified

that he parked same near a hotel in Gordon, Texas. From his window he saw appellant park an automobile alongside that of witness; also saw appellant and one Snider get out of said car, talk for several minutes, after which appellant walked toward the entrance of the hotel, going out of witness' sight. Snider went to witness' car and examined the casings and spare on the back of same. Presently appellant returned and talked with Snider a short time and then went away toward the front of the hotel, while Snider continued to examine the casings and tires on other cars parked near by. Witness awoke another man sleeping in the same room and asked him to look out. About this time Snider went to the car of witness and took the cushion out of same and placed it in appellant's car and took the cushion in appellant's car and stood it up against the side of the car of witness. Shortly after appellant returned from toward the front of the hotel and was standing talking to Snider, when witness came down from his room and arrived at the place where the two were. Appellant and Snider both denied having stolen the cushion which was found by witness in appellant's automobile. On cross-examination this witness said he did not know where appellant went or where he was when Snider took the cushion out of his car and put it in the car of appellant, but appellant told witness that he had gone to attend a call of nature. Witness further said that appellant was not around the automobile when Snider got the cushion. He further said that both appellant and Snider had been drinking. The witness Mayo, who was in the room with witness whose testimony is above set out substantially, corroborated him. Appellant offered Snider as a witness but his testimony was objected to upon the ground that he had been separately charged with the commission of the same offense and had entered a plea of guilty. The testimony was rejected.

Appellant's bill of exceptions No. 1 complains of the rejection of the testimony of Snider. The bill complaining of this action of the court was qualified by a statement of the learned trial judge that the evidence showed that Snider was a codefendant separately charged with the commission of the same offense, and had previously entered a plea of guilty to same, and that there was no evidence showing or tending to show that Snider had satisfied the judgment or penalty assessed against him for the commission of said offense, and no such testimony was offered by anyone. Our court seems to have universally held that where one charged with misdemeanor committed jointly with the defendant on trial, has been

convicted and has satisfied the punishment imposed, he is a competent witness for his co-defendant. Jordan v. State, 29 Tex. Crim. App. 595; Baldwin v. State, 39 Tex. Crim. Rep. 245. However the burden would be upon the accused to show that his co-defendant had satisfied the judgment, and the court certifying in his explanation to appellant's bill that there was no evidence showing such satisfaction of the judgment of conviction, his testimony was properly rejected. Appellant contends that the bill does not so show.

Appellant's bill No. 3 was taken to the action of the trial court in permitting the State to prove that while appellant was under arrest, in legal effect, by the prosecuting witness and his friend, and while waiting for an officer, that appellant said: "I had better hide my bottle of whiskey." The having in his possession for sale or the transportation of intoxicating liquor by the appellant would be a felony under our laws, and the proof of what appellant said in this regard shed no light upon the proposition of the taking of the automobile cushion, and would not be material to any issue in the case, and might be very hurtful. We think the admission of the testimony was erroneous. We note that the statement of facts shows that at this juncture appellant walked over toward the side of the hotel and set a quart bottle containing whiskey down by the side of the building.

We are much concerned over the question of the sufficiency of this testimony to show a theft by appellant. There is no testimony suggesting his presence at the time the automobile cushion was taken by Snider. The proof seems to negative that fact. The conviction could only be upheld upon the proposition that in some way appellant and Snider were principal offenders. Unless appellant was present when Snider took the cushion, or was doing his part in a joint undertaking having for its object, in whole or in part, the acquisition of said cushion, at the time Snider took same, he would not be guilty.

Appellant insists that a different construction should be placed upon his bill of exceptions No. 1 and the qualification of the court attached thereto, from that which we have placed upon same. It may be that we are in error. If offered, the court should have heard the testimony of appellant's co-defendant to prove that he had satisfied the judgment of conviction rendered against him in this case, and was therefore qualified as a witness in appellant's behalf. In view of the

grave doubt as to the sufficiency of the testimony and of the possible confusion arising from said bill of exceptions, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*